FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 1:54 pm, Oct 22, 2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:18cr147-14 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| EMMETT RAMSEY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his obesity qualifies as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c) that warrants compassionate release. Medical records provided by the Bureau of Prisons ("BOP") confirm Defendant's diagnosis. They also show, however, that Defendant has received the medical treatment he requires and that he is able to engage in self-care within the BOP facility. In light of COVID and the increased risk Defendant faces, however, the Court will assume that Defendant has shown he has a qualifying medical condition.

That is not the end of the Court's analysis, however. The factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. Defendant was involved in a large drug conspiracy where he was ultimately held accountable for over 563 grams of MDMA, four kilograms of powder cocaine, and some marijuana. Defendant pleaded guilty to unlawful use of a communication facility in violation of 21 U.S.C. § 843(b). As a result of his plea agreement, the Court dismissed five counts against him, some of which carried a mandatory minimum sentence of ten years' imprisonment. But for the statutory maximum sentence of four years,

3

Ramsey's advisory guideline range would have been eighty-seven to 108 months' imprisonment. The Court departed downward from the statutory maximum and sentenced Defendant to forty-two months' imprisonment. Thus, Defendant has already received a favorable sentence. Moreover, Defendant received a sentence reduction by participating in a residential drug treatment program while incarcerated. With an estimated release date of December 3, 2021, Defendant's entire sentence will likely be only twenty-four months. To date, he has served approximately eleven months. While the Court commends Defendant for his good conduct and rehabilitation efforts while incarcerated, to grant Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: October 22, 2020

_____
UNITED STATES DISTRICT JUDGE